[Cite as *State v. Owens*, 2012-Ohio-3288.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

     Plaintiff-Appellee                  :        C.A. CASE NO. 24817

vs.                                            :        T.C. CASE NO. 07CR3676

ROBERT LEE OWENS                               :        (Criminal Appeal from
                                                        Common Pleas Court)
     Defendant-Appellant                 :

. . . . . . . . .

**O P I N I O N**

Rendered on the 20th day of July, 2012.

. . . . . . . . .

Mathias J. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422    Attorneys for Plaintiff-Appellee

Robert Lee Owens, #635687, P.O. Box 5500, Chillicothe, OH, 45601
    Defendant-Appellant, Pro se

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   This appeal is from a final order overruling an R.C. 2953.21 petition for postconviction relief.

{¶ 2}   In 1992, Defendant Robert Owens was convicted of rape and was sentenced to serve a term of incarceration of from eight to twenty-five years.   In 1997, while he was

incarcerated, Owens was classified a sexual predator by the trial court. The classification was pursuant to Megan's Law provisions then in effect, which require sexual predators to register every ninety days for a lifetime and to notify the sheriff of the offender's change of address following release from prison.

{¶ 3} When Owens was released from prison in 2005, he initially registered with the Montgomery County Sheriff's Office. Owens was subsequently charged with failure to register and failure to notify the Sheriff's Office of his change of address. On July 14, 2009, Owens entered no contest pleas to the two charges. The court imposed community control sanctions in lieu of incarceration.

{¶ 4} On May 21, 2010, Owens was notified of alleged violations of his community control sanctions. Following a hearing, on July 28, 2010 the trial court found a violation of Owens' community control sanctions and imposed two year terms of incarceration on each of Owens' failure to notify/verify offenses pursuant to R.C. 2929.15(B).

{¶ 5} On June 10, 2011, Owens filed a Petition to Vacate Or Set Aside Judgment Of Conviction And Sentence (Dkt. 33), pursuant to R.C. 2953.21. Owens contended that the July 28, 2010 judgment imposing two year prison terms is void for failure to comply with Crim.R. 32(C). Specifically, Owens contended that the judgment fails to bear the signature of the sentencing judge, and instead bears a "rubber-stamped" name of the judge in printed form. Owens argued that the judgment is therefore not a final order, which prevents him from appealing his conviction and sentence to this court.

{¶ 6} The trial court overruled Defendant's petition on August 24, 2011, on two

grounds.  (Dkt. 38.)  Regarding the alleged Crim.R. 32(C) defect, the court found:

> The Court finds that the Termination Entry at issue was signed by Judge O'Connell.  A review of the docket reveals that the Termination Entry filed with the Clerk of Courts on July 28, 2010 contains the signature of Judge O'Connell, not a stamped signature as alleged by Defendant.  Judge O'Connell signed the original Termination Entry, but did not sign any additional copies attached to the original Termination Entry.  The original, with the Judge's signature, was then filed by the Clerk of Courts and retained for the Court's records.  Any copies presented to the clerk at the same time for filing were time-stamped by the clerk, and then stamped with the Judge's name on the signature line.  Defendant has attached to his motion one of these copies that were time-stamped at the same date and time as the original Termination Entry.  That being said, the original Termination Entry filed on July 28, 2010 was reviewed and signed by Judge O'Connell and filed with the Clerk of Courts.  The Court has attached a copy of the original Termination Entry filed with the Clerk of Courts on July 28, 2010 as exhibit A to this Decision.  Defendant's petition is OVERRULED as to this argument.

{¶ 7}  The court further found that Defendant's petition for postconviction relief was not timely filed, not having been filed within 180 days after the time for filing a notice of appeal from the July 28, 2010 judgment of conviction had expired.  R.C. 2953.21(A)(2). The court further found no basis to extend the time for filing pursuant to R.C. 2953.23.

{¶ 8}  Owens filed a notice of appeal from the order of August 24, 2011, overruling

his petition for postconviction relief. He presents two assignments of error for review.

{¶ 9} First Assignment of Error:

{¶ 10} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND APPELLANT GUILTY OF RETROACTIVE LAW."

{¶ 11} Owens relies on *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, which held the Attorney General's statutory reclassification of Megan's Law offenders to the new Adam Walsh Act system of classifications is unconstitutional. The record does not reflect that Owens was so reclassified.

{¶ 12} Owens also relies on *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which held that sex offenders convicted and classified pursuant to the Megan's Law provisions cannot be convicted of failure to notify/register pursuant to the Adam Walsh Act provisions. The record does not reflect that Defendant was convicted and sentenced other than pursuant to his Megan's Law classification.

{¶ 13} Finally, Owens did not present his retroactivity assignment as grounds for relief in the petition for postconviction relief he filed. It is well-settled that errors not brought to the attention of the trial court may not be assigned for the first time on appeal. *State ex. rel Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 679 N.E.2d 706 (1997).

{¶ 14} The first assignment of error is overruled.

{¶ 15} Second Assignment of Error:

{¶ 16} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO FOLLOW THE REQUIREMENTS OF CRIMINAL RULE 32(C)."

{¶ 17} Defendant raises the same issue concerning the signature of the judge on his

July 28, 2010 judgment of conviction that he raised in the trial court. The trial court found that the judgment of conviction, or "termination entry," bears the sentencing judge's signature. A review of the record and the judgment entry (Dkt. 20) demonstrates that the court's finding in that respect was correct.

{¶ 18} The second assignment of error is overruled. The judgment of the trial court will be affirmed.


FROELICH, J., And HALL, J., concur.

Copies mailed to:

Johnna M. Shia, Esq.
Robert Lee Owens
Hon. Timothy N. O'Connell