**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : Appellate Case No. 25279 |
| Plaintiff-Appellee | : |
| | : Trial Court Case No. 2007-CR-2134/2 |
| v. | : |
| | : |
| ANTHONY L. WILSON | : (Criminal Appeal from |
| | : Common Pleas Court) |
| Defendant-Appellant | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ANTHONY WILSON, #567649, London Correctional Institution, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, P.J.,

{¶ 1}     Defendant-appellant Anthony Wilson appeals from an order of the trial court overruling his May 31, 2012 request for re-sentencing, and from an order of the trial court

overruling his "Motion for Written Objection Pursuant to Evid.R. 103(A)(1) to the [order overruling his May 31, 2012 request for re-sentencing]." Wilson contends that his original judgment of conviction was void ab initio because it: (1) was not signed by the trial judge, but was rubber-stamped; and (2) reflected that he was convicted of counts in the indictment that pertained to a co-defendant, but not to him.

{¶ 2} We conclude that Wilson's claims do not implicate the jurisdiction of the trial court and either were raised, or could have been raised, in the direct appeals he took from his 2007 and 2011 judgments of conviction, so that they are barred by the doctrine of res judicata. We also conclude that his claims are without merit. The 2011 judgment of conviction, in which an error pertaining to post-release control was corrected, appears, in the copy attached to Wilson's brief, to have been signed by the trial judge, not rubber-stamped. The 2007 judgment entry, although it did not recite the counts in the indictment corresponding to his convictions, identified those convictions as being for Complicity to Commit Felonious Assault, which are the offenses with which Wilson was charged in the indictment. The 2011 judgment entry correctly recited the counts in the indictment corresponding to his convictions, and those counts in the indictment pertained to him, not to his co-defendant.

{¶ 3} The judgment of the trial court is Affirmed.

## I.  The Course of Proceedings

{¶ 4} In 2007, Wilson was charged with two counts of Complicity to Commit Felonious Assault, with firearm specifications. A co-defendant, Timmesha R. Mason, was charged with two counts of Felonious Assault, with firearm specifications. Counts 1 and 2 of

the indictment pertained to Mason; Counts 3 and 4 pertained to Wilson.

{¶ 5} Wilson was convicted in a jury trial of both counts and specifications. The two counts of Complicity to Commit Felonious Assault were merged, as were the two firearm specifications. Wilson was sentenced to four years for Complicity to Commit Felonious Assault, and to three years for the firearm specification, to be served prior to, and consecutively to, the four-year sentence, for a total sentence of seven years.

{¶ 6} Wilson appealed. We affirmed. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525. (*Wilson I*).

{¶ 7} In March 2010, Wilson moved for leave to file an untimely motion for a new trial, based on newly discovered evidence. The trial court overruled the motion, and Wilson appealed. In December 2010, Wilson moved for a stay of the collection of court costs until after his release from prison. This motion was overruled, and Wilson appealed. On February 23, 2011, Wilson was brought before the trial court for resentencing to correct an error in the imposition of post-release control, pursuant to R.C. 2929.191. He objected to the limited scope of this hearing, and requested a de novo re-sentencing hearing. His objection was overruled, and the trial court, on the same date, entered an amended judgment of conviction imposing a term of post-release control, and specifying that the manner of the conviction was as the result of a jury verdict. Wilson appealed.

{¶ 8} All three of these appeals were consolidated. We concluded that all three appeals were without merit, and affirmed. *State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, and 24501, 2012-Ohio-1660. (*Wilson II*).

{¶ 9} In May 2012, Wilson filed a motion for re-sentencing, contending that: (1) the

original judgment entry of conviction was void, because it was not signed by the trial judge, but was rubber-stamped; (2) because the 2007 judgment entry reflected that Wilson had been convicted on Counts 1 and 2 of the indictment, which did not pertain to him, the charges in Counts 3 and 4, which did pertain to him, remained unadjudicated; and (3) the 2011 judgment entry, not being a proper nunc pro tunc entry, was void. The trial court overruled Wilson's motion by an entry filed June 18, 2012.

{¶ 10} Thereafter, Wilson filed a "Motion for Written Objection Pursuant Evid.R. 103(A)(1) to the Decision Rendered on June 18, 2012 Pertaining to the Re-sentencing Motion to Correct a Void Sentence." The trial court overruled this motion.

{¶ 11} This appeal was taken by Wilson from both the trial court's order overruling his motion for re-sentencing and the subsequent order overruling his Motion for Written Objection. Wilson does not appear to be raising any issues pertaining to the latter order.

**II.   Wilson's Claim Based on the Trial Judge's Alleged Failure to Have Signed the 2007 Judgment Entry Is Moot in View of the Subsequent Amended Entry, Which Is Signed by the Trial Judge; It Is Also Barred by Res Judicata, Since it Could Have Been Raised in the Direct Appeal from the 2007 Judgment**

{¶ 12}   Wilson's First "Argument," which we take to represent an assignment of error, is as follows:

THE CLERK OF COURTS REPRODUCTION OF THE ORIGINAL DECEMBER 13, 2007 TERMINATION ENTRY WAS CONFIRMED THROUGH CERTIFICATION BY THE CLERK, DEPUTY SHERIFF, AND

PROSECUTOR OFFICIALS AUTHENTICATION THAT THE REPLICA TERMINATION ENTRY WAS INDEED A TRUE AN [sic] REPLICA OF THE ORIGINAL ENTRY FORM.

{¶ 13} Although it is not in our record, Wilson has attached to his brief a purported copy of the trial court's 2007 judgment entry of conviction at the end of which the trial judge's signature does appear to have been either typed, or printed, or rubber-stamped. Wilson contends that it is therefore void. The State contends that the actual 2007 judgment entry does, in fact, bear the original signature of the trial judge.[1]

{¶ 14} Even if the 2007 judgment entry was not signed by the trial judge, the 2011 judgment entry, which corrected the provision for post-release control, and also re-stated the judgment of conviction, does appear to bear the original signature of the trial judge. We have previously held that the Crim.R. 32(C) requirement that the judgment entry bear the signature of the judge may be corrected by a nunc pro tunc entry. *State v. Harris*, 2d Dist. Montgomery No. 24739, 2012-Ohio-1853, ¶ 10.

{¶ 15} Also, a Crim.R. 32(C) original-signature error renders a judgment voidable, not void, so that the error must be raised in a direct appeal or be barred by res judicata. *Id.*, ¶ 11. Wilson did not raise this issue in any of his prior appeals, including his direct appeal from the 2007 judgment of conviction. Therefore, this issue is barred by res judicata.

---

[1] The State has proffered what it contends to be a correct copy of the 2007 judgment entry filed in the clerk's office, bearing the trial judge's original signature, and has moved to supplement the record. Because we conclude that Wilson is not entitled to the reversal of his conviction even if the copy he has attached to his brief is a correct copy of the 2007 judgment entry, we find it unnecessary to supplement the record or otherwise resolve the factual dispute between the parties as to which version of the 2007 judgment entry is correct.

### III.   Neither the 2007 Judgment of Conviction Nor the 2011 Judgment

### of Conviction Left the Charges Against Wilson Unadjudicated

{¶ 16}   Wilson's Second and Third Arguments are as follows:

TRIAL COURT ERRED AS A MATTER OF LAW TO APPLY THE *RES JUDICATA* STANDARD FOR THE MOTION FOR SENTENCING WHEN IT DOES NOT APPLY TO CASES WHERE A SENTENCE WAS EITHER NEVER IMPOSED, CONTRARY TO LAW, AND/OR VOID ON ITS FACE.

BECAUSE THE TRIAL COURT FAILED TO IMPOSE A SENTENCE FOR THE CHARGES OF "COMPLICITY" WHICH APPELLANT WAS CHARGE [sic], INDICTED, TRIED, AND CONVICTED BY THE JURY, THE TRIAL COURT LOST JURISDICTION TO IMPOSE A SENTENCE UPON APPELLANT DUE TO THE SIGNIFICANT AMOUNT OF TIME PASSED FROM THE DATE OF CONVICTION AND ACTUAL TIME A SENTECING [sic] WAS TO OCCUR, IT VIOLATED THE CONSTITUTIONS OF THE UNITED STATES AND OHIO; THE DELAY DENIED APPELLANT DUE PROCESS, WHICH GUARANTEES THE ADMINISTRATION OF JUSTICE WITHOUT DENIAL OR DELAY.

{¶ 17}   In Counts 1 and 2 of the indictment, Wilson's co-defendant, Manson, was charged with two counts of Felonious Assault.   In Counts 3 and 4 of the indictment, Wilson was charged with two counts of Complicity to Commit Felonious Assault, as an aider and abetter.

{¶ 18}   The necessary predicate for these arguments is that the charges against Wilson remain unadjudicated.   He argues that in the 2007 judgment entry of conviction, the Felonious

Assault convictions do not refer to specific counts within the indictment. He further argues that the 2011 judgment entry, while referring to Counts 3 and 4 – the counts in the indictment that pertain to him, cannot fix the failure of the 2007 judgment entry to refer to the counts in the indictment of which he was convicted, because that is not the proper subject of a nunc pro tunc entry. Therefore, Wilson argues, the charges against him remain unadjudicated.

{¶ 19} We find Wilson's argument difficult to follow. Wilson has attached copies of both judgment entries to his brief. The 2007 judgment entry, while not specifying the numbers of the counts in the indictment, expressly states that he was convicted of "Complicity to Commit Felonious Assault (deadly weapon) -F2," and "Complicity to Commit Felonious Assault (serious harm) - F2." He was charged with Complicity to commit these offenses; his co-defendant was charged as the principal offender.

{¶ 20} Immediately following the recitation of Wilson's convictions for two counts of Complicity to Commit Felonious Assault, the 2007 judgment entry provides that: "For purposes of sentencing, the Court hereby merges Count one into Count two." In context, we conclude that the trial court was referring to the first and second of the counts of which Wilson was convicted. Merging the first (Count 3 of the indictment) into the second (Count 4 of the indictment) resulted in only the second (Count 4 of the indictment) remaining as a conviction upon which Wilson was sentenced. Similarly, the trial court then merged the firearm specifications, referring to them as the specifications in Counts 1 and 2. Again, in context, we conclude that the trial court was thereby referring to the first and second of the counts of which Wilson was convicted. Therefore, we find no merit to Wilson's claim that the charges in the indictment pertaining to him were not adjudicated by the 2007 judgment entry.

{¶ 21} The 2011 judgment entry is even clearer. While again expressly stating that Wilson was convicted of the two counts of "Complicity to Commit Felonious Assault," it goes further and identifies these counts, correctly, as being Counts 3 and 4 of the indictment. Wilson does argue that the 2011 judgment entry, while again imposing a single four-year sentence to be served consecutively to the three-year sentence for the merged firearm specifications, did not refer to the fact that the two Complicity to Commit Felonious Assault convictions were merged for purposes of sentencing. Given the entire context of the two sentencing entries, we conclude that the trial court again merged the two Complicity to Commit Felonious Assault convictions for sentencing purposes. After all, it had only brought Wilson back for re-sentencing to correct the post-release control defect, and specifically overruled Wilson's objection to the limited scope of the re-sentencing hearing. In any event, Wilson did not argue the failure of the 2011 judgment entry to refer to the merger of the two Complicity to Commit Felonious Assault convictions in the trial court in connection with his motion for re-sentencing. Therefore, he has not preserved this issue for appellate review.

{¶ 22} We find no merit to Wilson's argument that the charges against him remain unadjudicated in the trial court.

{¶ 23} Wilson's Second "Argument" appears to be interposed solely to rebut an argument that these issues are barred by res judicata, since they could have been raised in Wilson's direct appeal from his 2007 judgment of conviction. Since we find no merit to these issues, it is not necessary for us to decide whether they are barred by res judicata.

### IV. Conclusion

{¶ 24} All of Wilson's arguments being without merit, the orders of the trial court from which this appeal is taken are Affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring:

{¶ 25} I agree with the analysis and conclusions reached by my colleagues. I write separately to address Mr. Wilson's argument that his judgment entry of conviction contains a rubber-stamp signature of the judge and therefore is ineffective. This is the fourth time this week I have encountered the same argument, one of which copied six identical pages of Wilson's argument.

{¶ 26} In *State v Owens*, 2d Dist. Montgomery No. 24817, 2012-Ohio-3288, the defendant had filed a petition for post-conviction relief and attached his copy of the judgment entry of conviction that had been certified by the clerk of courts as a correct copy. A rubber stamp of the printed judge's name appeared on the signature line of the entry. The trial court reviewed the long-standing practice of the Montgomery County Clerk of Courts regarding copies of a signed court order as follows:

> The Court finds that the Termination Entry at issue was signed by [the judge]. A review of the docket reveals that the Termination Entry filed with the Clerk of Courts on July 28, 2010 contains the signature of [the judge], not a stamped signature as alleged by Defendant. [The judge] signed the original Termination Entry, but did not sign any additional copies attached to the original Termination Entry. The original, with the Judge's signature, was then filed by the Clerk of

Courts and retained for the Court's records. Any copies presented to the clerk at the same time for filing were time-stamped by the clerk, and then stamped with the Judge's name on the signature line. Defendant has attached to his motion one of these copies that were time-stamped at the same date and time as the original Termination Entry. That being said, the original Termination Entry filed on July 28, 2010 was reviewed and signed by [the judge] and filed with the Clerk of Courts. The Court has attached a copy of the original Termination Entry filed with the Clerk of Courts on July 28, 2010 as exhibit A to this Decision. Defendant's petition is OVERRULED as to this argument.

*Id.* at ¶6. Upon review, we determined "[a] review of the record and the judgment entry (Dkt.20) demonstrates that the court's finding in that respect was correct." *Id.* at ¶17. We therefore affirmed.

{¶ 27} Wilson's argument and presentation of his copy of the judgment entry is the same as in *Owens*. I would have granted the State's motion to supplement the record, filed April 24, 2013, which contained a copy of the original, signed judgment entry filed with the clerk of courts on December 17, 2007. Regardless of the clerk's method for distributing secondary copies of the judgment entry, the original December 17, 2007 judgment entry contains the judge's signature.[2] It is the original, signed judgment entry that counts, not subsequently stamped reproductions thereof.

---

[2] The signed judgment entry is publically available as an electronic image at the clerk's website, http://www.clerk.co.montgomery.oh.us/pro/ under case # 2007 CR 2134/2 by searching for the docket entry for December 17, 2007.

[Cite as *State v. Wilson*, 2013-Ohio-2753.]
Copies mailed to:

Mathias H. Heck
Andrew French
Anthony Wilson
Hon. Mary K. Huffman