[Cite as *State v. Wiley*, 2013-Ohio-2925.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    25370 |
| v. | : | T.C. NO.    05CR3324 |
| | | 06CR4157/3 |
| BRYAN SEAN WILEY | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____3rd____ day of ____July____, 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

BRYAN SEAN WILEY, #A569-559, London Correctional Institute, P. O. Box 69, London, Ohio 43140
          Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Bryan Sean Wiley appeals an August 14, 2012, decision

of the Montgomery Court of Common Pleas, Criminal Division, overruling his "motion to correct void sentencing." Wiley filed a timely notice of appeal with this Court on September 11, 2012.

{¶ 2}    Wiley was originally convicted in Case No. 2005 CR 3324 of one count of possession of cocaine. The trial court sentenced him to five years of community control and suspended his driver's license for six months. Wiley did not appeal his conviction in Case No. 2005 CR 3324. Shortly thereafter, in Case No. 2006 CR 4157, Wiley was convicted for having a weapon while under disability and improperly discharging a firearm at or into a habitation. The improper discharge of a firearm count was accompanied by a firearm specification. As a result, the trial court revoked Wiley's community control in Case No. 2005 CR 3324 and sentenced him to eleven months in prison. In Case 2006 CR 4157, the trial court sentenced Wiley to eleven years in prison, to be served consecutively with the sentence imposed in Case No 2005 CR 3324, for an aggregate prison term of eleven years and eleven months. Wiley appealed his conviction and sentence in 2006 CR 4157, and in an opinion issued on April 24, 2009, *State v. Wiley*, 2d Dist. Montgomery No. 22628, 2009-Ohio-1932, we affirmed.

{¶ 3}    On July 2, 2012, Wiley filed a "motion to correct void sentencing" and for re-sentencing in both Case Nos. 2005 CR 3324 and 2006 CR 4157. In his motion, Wiley argued that his convictions are void and re-sentencing is necessary because the trial judge purportedly failed to sign the judgment entries of conviction in either case. Wiley asserted that the trial judge merely rubber stamped her name on the termination entries in block letters in violation of Crim. R. 32(C).

{¶ 4} The trial court overruled Wiley's motions in both cases. Specifically, the trial court stated that it had "examined the original termination entries in [both] cases" and found that "[e]ach bears the judge's signature." Accordingly, the trial court found that Wiley's sentences in Case Nos. 2005 CR 3324 and 2006 CR 4157 were not void for want of the trial judge's signature.

{¶ 5} It is from this judgment that Wiley now appeals.

{¶ 6} Because they are interrelated, Wiley's first and second assignments of error will be discussed together as follows:

{¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THE ORIGINAL TERMINATION ENTRIES DO BEAR THE JUDGE'S SIGNATURE WHERE THE COPIES ATTACHED TO APPELLANT'S PLEADING ARE CERTIFIED COPIES REPRESENTING TRUE COPIES OF THE ACTUAL ENTRIES ON FILE AND IT HAS A STAMP, NOT A SIGNATURE."

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING [TO] ORDER A DE NOVO RESENTENCING."

{¶ 9} In his first assignment, Wiley contends that his judgment entries of conviction contain rubber stamp block signatures, and therefore, fail to comply with Crim. R. 32(C). Thus, Wiley argues that he is entitled to a de novo re-sentencing hearing in both Case Nos. 2005 CR 3324 and 2006 CR 4157.

{¶ 10} In *State v Owens*, 2d Dist. Montgomery No. 24817, 2012-Ohio-3288, the defendant had filed a petition for post-conviction relief and attached his copy of the judgment entry of conviction that had been certified by the clerk of courts as a correct copy. A rubber stamp of the printed judge's name appeared on the signature line of the entry. The

trial court reviewed the long-standing practice of the Montgomery County Clerk of Courts regarding copies of a signed court order as follows:

> The Court finds that the Termination Entry at issue was signed by [the judge]. A review of the docket reveals that the Termination Entry filed with the Clerk of Courts on July 28, 2010 contains the signature of [the judge], not a stamped signature as alleged by Defendant. [The judge] signed the original Termination Entry, but did not sign any additional copies attached to the original Termination Entry. The original, with the Judge's signature, was then filed by the Clerk of Courts and retained for the Court's records. Any copies presented to the clerk at the same time for filing were time-stamped by the clerk, and then stamped with the Judge's name on the signature line. Defendant has attached to his motion one of these copies that were time-stamped at the same date and time as the original Termination Entry. That being said, the original Termination Entry filed on July 28, 2010 was reviewed and signed by [the judge] and filed with the Clerk of Courts. The Court has attached a copy of the original Termination Entry filed with the Clerk of Courts on July 28, 2010 as exhibit A to this Decision. Defendant's petition is OVERRULED as to this argument.

*Id*. at ¶ 6.

{¶ 11}  Upon review, we determined "[a] review of the record and the judgment entry (Dkt.20) demonstrates that the court's finding in that respect was correct." *Id.* at ¶17. We therefore affirmed.

{¶ 12}   In the instant case, the original judgment entries of conviction that were filed in Case Nos. 2005 CR 3324 and 2006 CR 4157 establish that the trial judge's handwritten signature is affixed to each.   Significantly, both original judgment entries of conviction were made part of the record on appeal in this case.   Copies of the original judgment entry of conviction may contain a rubber stamped version of the trial judge's name. *Owens*, 2012-Ohio-3288.   As long as the trial judge signs the original judgment entry that is filed in the official record of the case, Crim. R. 32(C) is not violated. *Id*.; see also *State v. Fair*, 2d Dist. Montgomery No. 25300, 2013-Ohio-1923, at ¶ 3 ("the sentencing entry that is in the record and was scanned for the court's online docket contains the judge's handwritten signature."   Therefore we see no error in the trial court's denial of Fair's motion to correct his termination entry.)   Accordingly, Wiley is not entitled to be re-sentenced nor is the trial court required to issue new judgment entries.

{¶ 13}   Wiley's first and second assignments of error are overruled.

{¶ 14}   All of Wiley's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Bryan Sean Wiley
Hon. Michael W. Krumholtz