[Cite as *State v. Wilson*, 2014-Ohio-5808.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

STATE OF OHIO                                    :
                                                 :       Appellate Case No. 25811
      Plaintiff-Appellee               :
                                                 :       Trial Court Case No. 07-CR-2134/2
v.                                               :
                                                 :
ANTHONY L. WILSON                                :       (Criminal Appeal from
                                                 :        Common Pleas Court)
      Defendant-Appellant          :
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O.
Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee

ANTHONY L. WILSON, 1404 Willow Drive, Dayton, Ohio 45426
      Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Anthony L. Wilson appeals from the June 25, 2013 order of the trial court denying his petition for post-conviction relief upon the ground that it was not timely filed.   Although Wilson asserts certain facts in this court that might have justified his untimely filing, these facts were not asserted in the trial court as a basis for the untimely filing of his petition.   Therefore, the trial court did not abuse its discretion in finding the petition untimely filed, and its order denying the petition is Affirmed.

## I.   The Course of Proceedings

{¶ 2}    As set forth in *State v. Wilson*, 2d Dist. Montgomery No. 25279, 2013-Ohio-2753 (*Wilson III*), ¶ 4-10:

> In 2007, Wilson was charged with two counts of Complicity to Commit Felonious Assault, with firearm specifications. A co-defendant, Timmesha R. Mason, was charged with two counts of Felonious Assault, with firearm specifications. Counts 1 and 2 of the indictment pertained to Mason; Counts 3 and 4 pertained to Wilson.

> Wilson was convicted in a jury trial of both counts and specifications. The two counts of Complicity to Commit Felonious Assault were merged, as were the two firearm specifications. Wilson was sentenced to four years for Complicity to Commit Felonious Assault, and to three years for the firearm specification, to be served prior to, and consecutively to, the four-year sentence, for a total sentence of seven years.

Wilson appealed. We affirmed. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009–Ohio–525. ( *Wilson I* ).

In March 2010, Wilson moved for leave to file an untimely motion for a new trial, based on newly discovered evidence. The trial court overruled the motion, and Wilson appealed. In December 2010, Wilson moved for a stay of the collection of court costs until after his release from prison. This motion was overruled, and Wilson appealed. On February 23, 2011, Wilson was brought before the trial court for resentencing to correct an error in the imposition of post-release control, pursuant to R.C. 2929.191. He objected to the limited scope of this hearing, and requested a de novo re-sentencing hearing. His objection was overruled, and the trial court, on the same date, entered an amended judgment of conviction imposing a term of post-release control, and specifying that the manner of the conviction was as the result of a jury verdict. Wilson appealed.

All three of these appeals were consolidated. We concluded that all three appeals were without merit, and affirmed. *State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, and 24501, 2012–Ohio–1660. (*Wilson II* ).

In May 2012, Wilson filed a motion for re-sentencing, contending that: (1) the original judgment entry of conviction was void, because it was not signed by the trial judge, but was rubber-stamped; (2) because the 2007 judgment entry reflected that Wilson had been convicted on Counts 1 and 2 of the indictment, which did not pertain to him, the charges in Counts 3 and 4, which did pertain to him, remained unadjudicated; and (3) the 2011 judgment entry, not being a proper nunc pro tunc entry, was void. The trial court overruled Wilson's motion by an entry filed June 18, 2012.

Thereafter, Wilson filed a "Motion for Written Objection Pursuant Evid.R. 103(A)(1) to the Decision Rendered on June 18, 2012 Pertaining to the Re-sentencing Motion to Correct a Void Sentence." The trial court overruled this motion.

**{¶ 3}** Wilson appealed. We affirmed. *Wilson III*.

**{¶ 4}** On March 1, 2013, Wilson filed the Petition for Post-Conviction Relief that is the subject of this appeal. On June 25, 2013, the trial court denied the petition as untimely. Wilson appeals. He sets forth two assignments of error:

THE TRIAL COURT ERRED BY ENTERING A NUNC PRO TUNC ENTRY MODIFYING THE ORIGINAL JUDGMENT TO SHOW WHAT THE COURT ACTUALLY DID DECIDED [sic], BUT INSTEAD DISPLAYED WHAT THE COURT THOUGHT IT MIGHT OR SHOULD HAVE DECIDED.

THE TRIAL COURT DECISION TO DENY THE SUCCESSIVE POST CONVICTION [sic] WAS AN ABUSE OF DISCRETION WHEN PETITIONER SHOWED DUE DILIGENCE FOR THE DELAY BY PROCURING CERTAIN DOCUMENTS THAT WAS [sic] NOT WITHIN HIS POSSESSION UNTIL STATE AGENCIES HAD PETITIONER'S PRIOR ATTORNEYS RELINQUISH THE DOCUMENTS FROM THEIR CUSTODY, REQUIRING THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING TO DISPUTE THE CONTENTS AND THE VALIDITY OF THE DOCUMENTS AND THE TIME PERIODS THAT THEY WERE ACTUAL [sic] RECEIVED IN THE POSSESSION OF PETITIONER RESULTED IN THE TRIAL COURT VIOLATING PETITIONER'S CONSTITUTIONAL RIGHTS AFFORDED UNDER V, VI, VIII AND XIV AMENDMENTS; OHIO CONSTITUTION ARTICLE I §§ 1, 2, 5, 9, 10, 16, 20.

**II.   The Trial Court Did Not Enter a Void Judgment in its February 23, 2011 Entry**

**{¶ 5}**   In connection with his First Assignment of Error, Wilson contends that the re-sentencing entry of February 23, 2011 (to correct a post-release control error) was a void judgment, because it was not a proper nunc pro tunc entry.   The essence of his argument seems to be that the trial court **,** in this entry, refers to his conviction as being for complicity, whereas he was actually convicted as being the principal offender.   He cites *State v. Bumgardner*, 2d Dist. Greene No. 99 CA 75, 1999 WL 1082634 (Dec. 3, 1999), for the proposition that this rendered the February 23, 2011 entry void.

**{¶ 6}**   In *Bumgardner*, we reversed a purported nunc pro tunc entry eliminating an award of court costs.   At *2, we said:

> The trial court did not address the issue of costs when it sentenced Bumgardner in open court, but the court subsequently filed a termination entry drafted by the state which specified that Bumgardner was to be assessed the costs of the proceedings. If this were the only evidence in the record bearing on the trial court's original decision as to costs, we would be inclined to agree with Bumgardner that we could not second guess whether the trial court had imposed those costs inadvertently or intentionally, and we would presume that the trial court had properly used the nunc pro tunc entry to memorialize what its decision as to costs had been at the time of sentencing.
>
> In this case, however, we have the benefit of the trial court's language in overruling the state's motion for reconsideration of the nunc pro tunc entry.

**{¶ 7}** We concluded that it was clear from the trial court's entry overruling the State's motion for reconsideration that the trial court had changed its mind about awarding costs; that the trial court was not simply amending the judgment entry to reflect what it had actually originally decided about awarding costs. By contrast, there is nothing in the case before us to persuade us that the February 23, 2011 entry was intended to do anything other than to reflect the judgment that the trial court had actually originally intended to render.

**{¶ 8}** Furthermore, we are not persuaded that a trial court's erroneous use of a nunc pro tunc entry renders that entry not merely voidable, but void. *Bumgardner* involved a direct appeal from the nunc pro tunc entry, not a collateral attack. To be sure, the final sentence in the antepenultimate paragraph of that opinion declares the entry "void," but that is consistent with our having reversed the entry, due to the erroneous use of nunc pro tunc.

**{¶ 9}** Finally, we do not find the difference between a conviction and sentence for complicity to commit an offense, versus a conviction and sentence for the commission of that same offense as a principal, to be so vast as Wilson seems to think. "Whoever violates this section is guilty of complicity in the commission of an offense, *and shall be prosecuted and punished as if he were a principal offender*. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." R.C. 2923.03(F). The italicized portion of the statute persuades us that whether one commits an offense as the actor committing the acts constituting the elements of the offense, or whether one is an aider and abettor, one has still committed the offense, so that the distinction that Wilson contends rendered the February 23, 2011 entry void is actually immaterial.

### III.   The Trial Court Did Not Abuse its Discretion in

### Finding Wilson's Petition to have Been Untimely

{¶ 10}   Wilson's petition was not filed within the time prescribed by R.C. 2953.21(A)(2). The trial court found it to be untimely:

> The court finds that Defendant's Petition is untimely.  The Petition was filed long after the expiration of the statutory time within which a timely petition was required.  Additionally, Defendant has failed to show that he was unavoidably prevented from discovery of the facts upon which the petitioner relies to present his claims for relief.

{¶ 11}   In his petition, Wilson addressed the timeliness issue as follows:

> The United States Supreme Court has recognized additional guidelines for ineffective assistance of counsel standards during plea negotiations, and sound advise [sic] from counsel to either proceed to trial or take a plea deal.  At the time of Petitioner's previous litigations there was no such guidelines enacted regarding this ineffective assistance of counsel standard during plea negotiations.  If there was then Petitioner would have a sound claim for relief based on the *Missouri v. Frye*, [132 S.Ct. 1399, 182 L.Ed.2d 379, 80 USLW 4253 (2012)] 2012 U.S. LEXIS 2321 and *Lafler v. Cooper*, [132 S.Ct. 1376, 182 L.Ed.2d 398, 80 USLW 4244 (2012)] 2012 U.S. LEXIS 2322 criterion in his first post-conviction petition.

Petitioner has acted diligently to become in contact with the affidavits attached hereto. By going through relatives, disciplinary complaints, and witnesses who mailed the information in by regular U.S. Mail.  This extreme process prevented Petitioner from having the affidavits in

his possession in earlier stages of the original post-conviction petition.

{¶ 12}  With respect to Wilson's first argument, based upon the provision in R.C. 2953.23(A)(1)(a) relating to the United States Supreme Court recognizing a new federal or state right that applies retroactively to persons in the petitioner's position, the trial court concluded: " * * * those decisions by the U.S. Supreme Court do not declare a new right of Defendants, but instead clarify the extent of the Sixth Amendment right to counsel, and the parameters of the duties of counsel to be effective."  We agree with the trial court.

{¶ 13}  With respect to Wilson's other argument that despite his diligence, he was prevented from having the affidavits upon which he relied, the trial court found that: "he has failed to present any evidence that he was unavoidably prevented from discovering the facts upon which he relies to present his claim for relief * * * ."  Given the vagueness and generality of Wilson's allegations in this regard, which, as the trial court notes, do not contradict the proposition that Wilson was aware of the evidence upon which he relied years before his March 1, 2013 petition, we find no abuse of discretion in the trial court's finding of untimeliness.

{¶ 14}  In his appellate brief, Wilson lays out certain specific factual allegations, including that the Montgomery County Jail lost or destroyed documents upon which he intended to rely and that his Columbus counsel neglected to bring copies of the documents to the hearing.  None of these allegations was presented to the trial court, and they therefore cannot be used to predicate error in the trial court's ruling of untimeliness.

{¶ 15}  Because we conclude that the trial court did not abuse its discretion when it found Wilson's March 1, 2013 petition for post-conviction relief to be untimely, Wilson's assignments of error are overruled.

## IV.  Conclusion

{¶ 16}   Both of Wilson's assignments of error having been overruled, the June 25, 2013 order overruling his petition for post-conviction relief is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Anthony L. Wilson
Hon. Mary K. Huffman