[Cite as *State v. Fair*, 2013-Ohio-1923.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25300 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1257 |
| v. | : | |
| | : | |
| DERRICK FAIR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DERRICK FAIR, #639-665, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Derrick Fair appeals pro se from the trial court's decision, entry, and order denying his motion to correct termination entry, motion for resentencing, and motion to vacate

judgment and sentence.

{¶ 2}   The record reflects that Fair is serving a seven-year prison sentence for a felonious-assault conviction. This court affirmed the conviction on direct appeal in *State v. Fair*, 2d Dist. Montgomery No. 24388, 2011-Ohio-4454. Thereafter, on February 13, 2012, Fair filed a motion to correct his termination entry. He argued that the entry was invalid because the judge's signature was rubber stamped. On March 8, 2012, Fair filed a motion for resentencing. He argued that his termination entry did not comply with Crim.R. 32 and that the trial court did not adequately explain the basis for his sentence. On April 24, 2012, Fair filed a motion to vacate judgment and sentence. He cited R.C. 2945.75 and argued that his conviction should have been a lower-degree felony because the jury verdict did not state the degree of the offense or specify that the jury had found an aggravating element. He also complained that the judge had not signed the jury verdict. The trial court overruled all three motions in a July 2, 2012 decision, entry, and order. This appeal followed.

{¶ 3}   Although Fair's brief lacks assignments of error, he first repeats his claim that the termination entry improperly contained a rubber-stamped signature. The trial court rejected this argument, explaining that "the termination entry was signed by the Judge and the copy Defendant received was stamped with a facsimile of the Judge's signature." This court previously addressed and rejected the same argument. In a December 30, 2011 decision and entry denying reconsideration, we noted that "[t]he sentencing entry that is in the record and was scanned for the court's online docket contains the judge's handwritten signature." Therefore, we see no error in the trial court's denial of Fair's motion to correct his termination entry.

{¶ 4}   Fair next contends the trial court erred in overruling his motion for resentencing. He asserts that his sentence is void because the termination entry does not recite the manner of

his conviction. In addition, he raises sentencing-related arguments concerning (1) an alleged denial of his right of allocution, (2) an alleged failure by the trial court adequately to discuss statutory sentencing factors, and (3) an alleged failure by the trial court to justify a seven-year sentence. These arguments lack merit. As required by Crim.R. 32(C), the termination entry states that a jury found Fair guilty of felonious assault. Fair's sentencing-related arguments are barred by res judicata because they could have been raised on direct appeal. Therefore, the trial court properly overruled his motion for resentencing.

{¶ 5}     Finally, Fair challenges the trial court's denial of his motion to vacate judgment and sentence. Apparently relying on R.C. 2945.75(A)(2), he argues that he is entitled to be sentenced on "the lowest degree of the charge of assault."[1] He also argues as follows: "Regarding the Jury Verdict, the signed verdict form for one has a VOID on the top of the page for one, the signed Jury Verdict form does not have the Judge's signature on it but on the first page has a notation on it, and of course there is not a single advised code on the jury instructions, Jury Verdict, or transcripts."

{¶ 6}     Upon review, we see no error in the trial court's denial of Fair's motion to vacate judgment and sentence. The jury's guilty verdict is signed by twelve jurors. We see nothing void about it. Along with the guilty verdict, the judge signed and filed a verdict entry. Fair's

---

[1] Parenthetically, we note that Fair was charged with and convicted of felonious assault, not simple assault. R.C. 2945.75(A)(2) provides: "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Here the jury's guilty verdict did not state the degree of the offense or recite any additional element elevating the degree of the offense. There is no issue with R.C. 2945.75(A)(2), however, because Fair was convicted and sentenced for felonious assault as a second-degree felony, which is the least degree of that offense. *State v. Johnson*, 9th Dist. Medina No. 09CA0054-M, 2011-Ohio-3623, ¶18; *State v. Benford*, 9th Dist. Summit No. 25298, 2011-Ohio-564, ¶16-18.

complaints about jury instructions, the jury verdict, transcripts, and the alleged applicability of R.C. 2945.75(A)(2) could have been raised on direct appeal. Res judicata precludes him from raising those issues now.

{¶ 7}     The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Derrick Fair
Hon. Steven K. Dankof