[Cite as *State v. Garst*, 2014-Ohio-4704.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014 CA 64 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09CR54 |
| v. | : | |
| | : | |
| MATTHEW GARST | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .
O P I N I O N
Rendered on the 24th day of October, 2014.
. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MATTHEW GARST, Inmate No. 625-896, London Correctional Institution, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Matthew Garst appeals pro se from the trial court's denial of his petition for

post-conviction relief.

{¶ 2} Garst advances four assignments of error. First, he contends the trial court erred in denying the petition as untimely. Second, he claims the trial court erred in failing to make findings of fact and conclusions of law. Third, he asserts that the trial court erred in denying the petition where it contained a meritorious claim. Fourth, he maintains that the trial court erred in failing to hold an evidentiary hearing.

{¶ 3} The record reflects that Garst was indicted on charges of aggravated murder, murder, felonious assault, and aggravated robbery. He ultimately pled guilty to one count of murder, and the other charges were dismissed. On February 26, 2010, the trial court filed a judgment entry imposing a prison term of fifteen years to life. (Doc. #25). In June 2012, Garst moved for leave to file a delayed appeal. This court denied the motion the following month. Thereafter, in December 2013, Garst petitioned for post-conviction relief under R.C. 2953.21, et. seq. In support, he alleged ineffective assistance of counsel based on counsel's failure to investigate a potential post-traumatic-stress-disorder (PTSD) defense or a "manslaughter defense" based on a sudden passion or fit of rage brought on by PTSD (Doc. #34). The trial court denied the petition, noting that it was untimely and that Garst had "failed to establish any exception set forth in O.R.C. §2953.23 that applies to the factual history of his case." (Doc.#37). This appeal followed.

{¶ 4} In his first assignment of error, Garst challenges the trial court's finding of untimeliness. He argues that he was unavoidably prevented from obtaining the materials needed to file his petition sooner. Therefore, he asserts that his petition fit within a statutory exception to the ordinary time limit for seeking post-conviction relief.

{¶ 5} If no direct appeal is taken, a petition for post-conviction relief generally must

be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). "Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." *State v. Current,* 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16. In turn, R.C. 2953.23(A)(1) authorizes a trial court to entertain an otherwise untimely petition if the petitioner shows that he was unavoidably prevented from discovering the facts upon which he relies and "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"

{¶ 6}     Here Garst did not file a direct appeal from his conviction.[1] He also did not file his petition for post-conviction relief within the required 180-day window. In fact, he waited until December 2013—close to four years after his February 2010 conviction—to file his petition. Although Garst did not directly address his untimeliness below, he contends on appeal that "his right to file pursuant to R.C. 2953.23 is patently obvious from the face of the petition and its supporting affidavits." (Appellant's brief at 3). We disagree.

{¶ 7}     The essence of Garst's petition was that his trial counsel provided ineffective assistance by failing to investigate possible defenses to the murder charge based on his affliction with PTSD. Garst argued that he was a Gulf war veteran, that he had been diagnosed with PTSD while in prison, that he had suffered from the disorder at the time of his offense, that his attorney was aware of evidence indicating that he suffered from PTSD, and that his attorney should have investigated PTSD and consulted a PTSD expert before allowing him to plead guilty.  (Doc.

---

[1] As noted above, he did move for leave to file a delayed appeal. But this court denied the motion.

#34). After filing his petition, Garst filed the following supporting materials: (1) an unsworn January 2014 letter from his mother (which he refers to as an affidavit), (2) unauthenticated copies of January 2014 medication consent forms showing that he had been prescribed medication in prison, and (3) his own February 2014 affidavit. (Doc. #35).

{¶ 8}   In her letter, Garst's mother claimed she had told Garst's trial counsel that she believed her son was suffering from PTSD. Garst's mother further alleged that counsel had failed to conduct an adequate follow-up investigation into the PTSD issue. For his part, Garst averred, among other things: "It was brought to counsel's attention that I suffer from PTSD. Counsel refused to even look into the matter and belittled the issue while refusing to notify the Court that this altered my mental capacity." Garst also averred that he had been receiving PTSD treatment in prison.

{¶ 9}   On appeal, Garst argues that his "supporting affidavits" (i.e., his mother's letter and his own affidavit) "were signed in January and February 2014 and could not have been obtained at an earlier date." (Appellant's brief at 3). He acknowledges that those documents demonstrate his family's awareness of his mental-health issues before he pled guilty. (*Id*. at 3-4). He insists, however, that he "was unable to provide evidence of [a PTSD] diagnosis until he received medical treatment from the Ohio Department of Rehabilitation and Corrections in 2013." (*Id*. at 4). Therefore, Garst claims he was unavoidably prevented from discovering the necessary information earlier.

{¶ 10}   We find Garst's argument to be unpersuasive. His mother's letter and his own affidavit establish (1) that they both knew or suspected while the case was pending below that he suffered from PTSD and (2) that they both knew defense counsel had not investigated or raised

the issue to their satisfaction. His mother's letter stated that she told defense counsel she "felt" her son was suffering from PTSD. Garst's affidavit stated that defense counsel was told he did suffer from PTSD. We are unpersuaded that Garst was required to obtain a medical diagnosis in prison,[2] years after his conviction, before challenging his attorney's alleged failure to investigate and raise the PTSD issue. In fact, we see no reason why Garst's mother could not have written her letter immediately after her son's conviction. At that time, Garst likewise could have filed an affidavit stating that he had or believed he had PTSD, that his attorney had been so advised, and that his attorney had failed to look into the issue. Having reviewed the record, we are unconvinced that Garst was unavoidably prevented from discovering sufficient evidence of his alleged PTSD earlier.

---

[2]The record actually contains little evidence that Garst, in fact, was diagnosed with PTSD in prison. Other than his own affidavit addressing the issue, Garst has provided two unauthenticated copies of medication consent forms. They indicate that he has been prescribed Prazosin and Celexa in prison. According to one of the forms, Prazosin is used to reduce blood pressure, reduce symptoms of PTSD, and reduce nightmares and flashbacks. The form fails to indicate whether Garst suffers from one or all of these problems. We infer from the other form that Celexa is an antidepressant that also is used to treat obsessive-compulsive disorder, panic disorder, and other anxiety disorders.

{¶ 11} We note too that Garst's affidavit itself failed to indicate *when* he was diagnosed with PTSD in prison. On that issue, he averred only that "[s]ince my incarceration I've been receiving mental health treatment for my PTSD * * *." (Garst affidavit at pg. 1). He was sentenced to prison, however, in February 2010, leaving open the distinct possibility that received a PTSD diagnosis long before he filed his petition. Given his failure to specify when he received a PTSD diagnosis, his affidavit and supporting materials do not establish that he was unavoidably prevented from filing a timely petition even if a definitive diagnosis were required.[3]

{¶ 12} Finally, we note that Garst has failed even to address the additional requirement under R.C. 2953.23(A)(1) to show by clear and convincing evidence that, "but for constitutional error at trial," no reasonable factfinder would have found him guilty of murder.[4] For the foregoing reasons, we see no error in the trial court's finding of untimeliness. The first assignment of error is overruled.

---

[3]The fact that Garst was prescribed Prazosin and Celexa in January 2014 falls short of establishing that he first was diagnosed with PTSD then. It is not clear that the drugs were prescribed to treat PTSD. But even assuming that they were, that particular prescription may have been written long after Garst's diagnosis.

[4]Although we need not decide the issue in this case, one Ohio appellate court has questioned whether a defendant who enters a guilty plea can establish "constitutional error at trial." *See, e.g., State v. Holson*, 5th Dist. Ashland No. 13 COA 020, 2014-Ohio-365, ¶ 26. Several others definitively have held that a defendant who enters a guilty plea cannot demonstrate "constitutional error at trial" under R.C. 2953.23(A)(1). *See, e.g., State v. Hairston*, 10th Dist. Franklin No. 13AP-225, 2013-Ohio-3834, ¶ 8; *State v. Lewis*, 4th Dist. Lawrence No. 11CA29, 2013-Ohio-1327, ¶ 8; *State v. Demyan*, 9th Dist. Lorain No. 11CA0100096, 2012-Ohio-3634, ¶ 4; *State v. Pough*, 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933, ¶ 17; *State v. Moore*, 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16; *Cf. State v. Warner*, 2d Dist. Greene No. 2005-CA-84, 2006-Ohio-3188, ¶ 11 (finding that a defendant seeking to file a post-conviction relief petition out of time cannot demonstrate "constitutional error *at trial*" where he raises a sentencing issue); *State v. Carson*, 2d Dist. Greene No. 2003-CA-76, 2004-Ohio-2741, ¶ 20 ("[C]onsideration of an untimely filed petition for post-conviction relief requires the rather extraordinary showing, by clear and convincing evidence, that, but for the constitutional error, 'no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted.' This is an especially difficult showing to make in the context of a no-contest plea, since there is no trial testimony to frame the facts.").

{¶ 13}   In his second assignment of error, Garst contends the trial court erred in failing to make findings of fact and conclusions of law. This argument lacks merit. A trial   court "has no duty to issue findings of fact and conclusions of law on * * * untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 118 Ohio St.3d, 2008-Ohio-2702, 889 N.E.2d 533, ¶ 6. This rule applies even when a defendant contends he was unavoidably prevented from discovering the facts on which he relies. *Id.* Moreover, even if a petition is timely filed, the trial court's decision need only "apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966).The trial court's decision finding that the petition was untimely does that. Accordingly, the second assignment of error is overruled.

{¶ 14}   In his third assignment of error, Garst claims the trial court erred in denying his petition where it contained a meritorious claim. We disagree. Regardless of any possible merit, the petition was untimely. Therefore, the trial court could not consider it. *Current* at ¶ 16. The third assignment of error is overruled.

{¶ 15}   In his fourth assignment of error, Garst asserts that the trial court erred in failing to hold an evidentiary hearing. Again, we disagree. A trial court is not required to hold an evidentiary hearing on a petition it has found to be untimely. *State v. Singleton*, 2d Dist. Montgomery No. 21289, 2006-Ohio-4522, ¶ 22.   The fourth assignment of error is overruled.

{¶ 16}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders

Matthew Garst
Hon. Richard J. O'Neill