[Cite as *State v. Evans*, 2015-Ohio-3161.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26574 |
| | : | |
| v. | : | Trial Court Case No. 2009-CR-3184 |
| | : | |
| RICHARD EVANS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of August, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

RICHARD EVANS, # 627-426, Madison Correctional Institution, 1851 State Route 56, Post Office Box 740, London, Ohio 43140
      Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Richard Evans appeals pro se from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment, which it treated as a petition for post-conviction relief

under R.C. 2953.21.

{¶ 2} The record reflects that Evans was convicted and sentenced in 2010 on charges of felony murder and having a weapon while under disability for his role in a fatal bar fight. Although a jury found him guilty on other charges, they merged into the felony murder conviction. The trial court imposed an aggregate prison term of 20 years to life. On direct appeal, Evans challenged the legal sufficiency and manifest weight of the evidence to sustain his convictions. He also raised an evidentiary issue and claimed the trial court erred in failing to appoint an investigator. This court rejected Evans' arguments and affirmed in October 2011. *See State v. Evans*, 2d Dist. Montgomery No. 24032, 2011-Ohio-5415.

{¶ 3} Evans subsequently filed his pro se Civ.R. 60(B) motion for relief from judgment in December 2014. He argued that the trial court lacked subject-matter jurisdiction to convict him of felony murder. (Doc. #13). As cause for his delay in seeking relief, Evans provided an affidavit alleging ineffective assistance of counsel. (*Id.*). The trial court construed Evans' motion as a post-conviction-relief petition under R.C. 2953.21 and denied it as untimely, finding nothing to suggest that he was unavoidably prevented from discovering the grounds for his petition sooner. (Doc. #14). The trial court also found Evans' arguments barred by res judicata. (*Id.*).

{¶ 4} Evans advances four assignments of error on appeal. First, he asserts that his felony-murder conviction is void. In connection with this argument, he maintains that untimeliness and res judicata do not bar a claim based on voidness. Second, he contends the trial court erred in failing to conduct an evidentiary hearing or to issue findings of fact and conclusions of law. Third, he elaborates on his argument about his felony-murder

conviction being void. Fourth, he argues that the trial court erred in lowering the State's burden of proof to something less than beyond a reasonable doubt.

{¶ 5} Upon review, we conclude that the trial court properly treated Evans' Civ.R. 60(B) motion as a petition for post-conviction relief. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, syllabus ("The trial court may recast an appellant's motion for relief from judgment as a petition for postconviction relief when the motion has been unambiguously presented as a Civ.R. 60(B) motion."). Under R.C. 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." As relevant here, Evans' petition was required to be filed "no later than three hundred sixty-five days after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal of the judgment of conviction[.]" That transcript was filed in October 2010.

{¶ 6} Evans did not file his petition until December 2014. Therefore, as relevant here, R.C. 2953.23(A)(1)(a) and (b) obligated him to show that he was unavoidably prevented from discovering the facts upon which his petition relied *and* that but for constitutional error at trial no reasonable fact-finder would have found him guilty. We agree with the trial court that Evans failed to make the requisite showing to justify his otherwise-tardy filing. Therefore, his petition was subject to being denied without a hearing and without findings of fact or conclusions of law. *State v. Garst*, 2d Dist. Clark

No. 2014 CA 64, 2014-Ohio-4704, ¶ 13, 15.

{¶ 7} Even if we construe Evans' filing as one seeking to invoke the trial court's inherent power to vacate a truly void (as opposed to merely voidable) judgment, which may be done at any time without regard to the requirements for statutory post-conviction relief (*see State v. Moore*, 2d Dist. Clark No. 2013 CA 97, 2014-Ohio-4411, ¶ 13), his arguments fail because his judgment of conviction is not void.

{¶ 8} Evans was convicted and sentenced for felony-murder in violation of R.C. 2903.02(B), which provides: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code." Here Evans was found guilty of felony murder as a proximate result of committing felonious assault, a second-degree felony offense of violence. Citing R.C. 2903.02(B), Evans argues, however, that his felony-murder conviction is void ab initio because the State failed also to prove that the felonious-assault offense was "not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 9} We disagree with Evans' argument that the State was required to prove that felonious assault, a second-degree felony violation of R.C. 2903.11(A), "is not a violation of R.C. 2903.03 or R.C. 2903.04." The felony-murder statute simply precludes violations of R.C. 2903.03 or R.C. 2903.04 from serving as the predicate felonies that may support a felony-murder conviction. Nothing in R.C. 2903.02(B) precluded his felonious assault conviction—a second-degree felony offence of violence—from supporting a felony-murder conviction. In any event, Evans' argument would not establish the voidness of his judgment of conviction even if his argument had merit. Assuming, *purely*

*arguendo*, that the State were required to prove to the jury that felonious assault is not a violation of R.C. 2903.03 or R.C. 2903.04, the prosecution's failure to prove an element of an offense does not deprive a trial court of subject-matter jurisdiction or result in a void judgment. Such a judgment would be merely voidable due to insufficiency of the evidence.

**{¶ 10}** Evans also cites R.C. 2945.75(A)(2), which provides: "When the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Evans argues that his felony-murder conviction is void for lack of subject-matter jurisdiction under R.C. 2945.75(A)(2) because "the prosecution failed to prove the additional factual element that distinguishes felony-murder under R.C. 2903.02(B) from involuntary manslaughter per O.R.C. 2903.04[.]" (Appellant's brief at 8).

**{¶ 11}** Evans' argument is unpersuasive for multiple reasons. First, R.C. 2945.75(A)(2) has nothing to do with his situation. It applies to different *degree levels* within "an offense," not to different offenses altogether. Second, even if R.C. 2945.75(A)(2) somehow did apply (which it does not), a violation of the statute is something that must be raised on direct appeal. *State v. Fair*, 2d Dist. Montgomery No. 25300, 2013-Ohio-1923, ¶ 6. It does not render a judgment void or deprive a trial court of subject-matter jurisdiction. Thus, res judicata would apply. *Id.*

**{¶ 12}** Finally, we reject Evans' argument about the trial court lessening the State's burden of proof in its jury instructions. In support, he claims the trial court failed to instruct

the jury about the State's burden to prove beyond a reasonable doubt (1) that felonious assault is not a violation of R.C. 2903.03 or 2903.04 and (2) that felony murder has an additional element that distinguishes it from involuntary manslaughter. This argument about jury instructions fails for at least two reasons. First, it is premised on the substantive arguments we have rejected above. Second, any alleged error in jury instructions is something that must be raised on direct appeal. Again, res judicata would apply.

{¶ 13} For the foregoing reasons, we overrule Evans' assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Richard Evans
Hon. Mary K. Huffman