[Cite as *State v. Brown* , 2017-Ohio-4241.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0105** |
| FELIX O. BROWN, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 1995 CR 00127.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Felix O. Brown, Jr.*, pro se, PID: A312-676, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Felix O. Brown, Jr., appeals the October 14, 2016 judgment of the Trumbull County Court of Common Pleas denying his "Motion to Vacate Void Judgment." For the following reasons, we affirm the trial court's judgment.

{¶2} Seventeen years ago, a jury found appellant guilty of murder, in violation of R.C. 2903.02, with a firearm specification under R.C. 2941.145 and having weapons while under disability, in violation of R.C. 2923.13. Appellant appealed from his

conviction. The conviction was upheld by this court in *State v. Brown*, 11th Dist. Nos. 95-T-5349 & 98-T-0061, 2000 WL 522339 (Mar. 31, 2000).

{¶3} On August 25, 2011, appellant filed a "Civil Rules Rule 60(B) motion for relief from judgment, or in the alternative, Crim.R. 47 motion to vacate judgment," arguing the trial court's judgment of conviction was void due to misnomer. On September 20, 2011, appellant filed a motion to amend the Civ.R. 60(B)/Crim.R. 47 motion, requesting to include the argument that the trial court violated the statutory mandate of R.C. 2945.11 when it refused to instruct the jury on the law of accident.

{¶4} The trial court denied appellant's Civ.R. 60(B)/Crim.R. 47 motion and overruled his motion to amend. On appeal, this court affirmed. *State v. Brown*, 11th Dist. Trumbull No. 2011-T-0101, 2012-Ohio-4465. We found the argument in appellant's motion to amend was barred by res judicata because he could have raised it on direct appeal.

{¶5} On August 25, 2016, appellant filed a motion to vacate void judgment, stating the motion was filed in accordance with Crim.R. 47. Appellant alleged his judgment of conviction is void because the trial court acted without authority when it failed to instruct the jury on the lesser-included offenses of reckless homicide and involuntary manslaughter and on the defense of accident.

{¶6} Appellee, the state of Ohio, filed a brief in opposition to appellant's motion to vacate void judgment, arguing appellant's arguments were barred by the doctrine of the law of the case. Appellee maintained appellant raised the same or similar issues in his prior Civ.R. 60(B)/Crim.R. 47 motion and that, on appeal, this court held his argument regarding failing to instruct the jury on the defense of accident was barred by res judicata. Appellant filed a reply to appellee's brief in opposition.

2

{¶7} On October 14, 2016, the trial court denied appellant's motion to vacate void judgment filed August 25, 2016, finding appellant's arguments were barred by res judicata.

{¶8} On November 7, 2016, appellant filed a timely notice of appeal from the trial court's October 14, 2016 judgment.

{¶9} Appellant raises two assignments of error on appeal:

[1.] The Court erred as a matter of law, when it applied the Doctrine of Res judicata to a *void judgment*. Where it has been clearly shown that the trial court, during Appellant's criminal jury trial proceedings, acted in a manner wholly unauthorized by law, and thereby worked a manifest injustice, by blatantly disregarding the applicable rules of law – issued by, both, the Supreme Court of Ohio (*State v. Loudermill*, 2 Ohio St.2d 79), and the Ohio General Assembly (O.R.C. § 2945.11) – when [it] totally refused to properly charge the jury on the law on *any* lesser included offense on murder; where the evidence presented in support was obvious, and when the reading of a lesser included offense instruction had been properly and timely requested by defense counsel.

[2.] The Court abused its' discretion when the Doctrine of Res judicata was applied to Appellant's Ground For Relief; where the Court pronounced the following: '[The defendant has already taken this matter before the Eleventh District Court of Appeals. Therefore, upon review, the Court finds the relief requested is barred by res judicata. The Motion to Vacate Void Judgment is not well taken and the same is hereby denied.' Whereas, the merit of Appellant's Ground One For Relief, as well as the controlling law of the Ohio Supreme Court offered in support; has never been raised, argued or reviewed by any court: state or federal.

{¶10} Appellee waived its right to submit an answer brief, but referred this court to its brief in opposition to appellant's motion to vacate void judgment. Appellee maintains the trial court properly applied the doctrine of res judicata and requests this court affirm the trial court's decision to deny the motion.

{¶11} We address appellant's assignments of error together. Appellant argues the trial court erred in finding his arguments were barred by res judicata. Appellant

3

maintains his judgment of conviction was void and not subject to res judicata because the trial court acted in contravention of R.C. 2945.11, which states in pertinent part: "In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict." Appellant argues the trial court failed to instruct the jury on "all matters of law necessary" when it did not instruct the jury on any lesser-included offenses or on the defense of accident.

{¶12} "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act." *State v. Bozek*, 11th Dist. Portage No. 2015-P-0018, 2016-Ohio-1305, ¶20 (emphasis deleted), citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. Res judicata does not apply to challenges to void judgments, which can be challenged at any time. *State v. Bennett*, 4th Dist. Scioto No. 15CA3682, 2015-Ohio-3832, ¶11 (citations omitted). In contrast, "a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Bozek, supra*, at ¶20 (citations omitted). Challenges to voidable judgments are barred by res judicata if not raised on direct appeal. *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶10 (citation omitted).

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180 (1967) (citation omitted).

{¶13} Here, the trial court had jurisdiction over appellant's case. *See* R.C. 2931.03. Any potential error in the trial court's legitimate exercise of its jurisdiction,

4

including the omission of an instruction on a lesser-included offense or on a defense, rendered the court's judgment voidable and not void. *See State v. Evans*, 2d Dist. Montgomery No. 26574, 2015-Ohio-3161, ¶12 ("any alleged error in jury instructions is something that must be raised on direct appeal").

{¶14} It has not been established that the trial court committed any error in instructing the jury at appellant's trial. However, even if it did, an erroneous decision on how to instruct the jury does not render a judgment "void". Because appellant did not raise any alleged error in this regard on direct appeal, his argument is barred by res judicata.

{¶15} Furthermore, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) (citations omitted). This court previously determined that appellant's argument regarding the trial court's failure to give a jury instruction on the defense of accident was barred by res judicata. *Brown*, *supra*, at ¶22. Therefore, our previous judgment with regard to that issue remains the law for all subsequent proceedings in this case.

{¶16} Appellant's assignments of error are overruled.

{¶17} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

5