[Cite as *State v. Jones*, 2019-Ohio-60.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA0070-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIN Y. JONES | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    16CR0339 |

DECISION AND JOURNAL ENTRY

Dated: January 14, 2019

CALLAHAN, Judge.

{¶1}   Appellant, Erin Jones, appeals her conviction in the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On December 27, 2015, a multi-car accident in the northbound lanes of Interstate 71 in Medina County claimed the life of a grandfather who was returning home from Christmas celebrations with his young grandson.  At the scene, law enforcement officers identified Ms. Jones as another individual involved in the crash.  During their initial contact with Ms. Jones, the officers noted an odor of alcohol on her person.  Because a downpour made the administration of field sobriety tests at the scene impractical, Ohio State Highway Patrol troopers transported Ms. Jones to Medina General Hospital, where they administered the tests under the portico attached to the emergency room entrance.  The officers then obtained a urine sample with the assistance

of hospital staff. Subsequent testing by the Ohio State Highway Patrol's crime lab identified the concentration of alcohol in Ms. Jones' urine as .205 grams by weight percent alcohol.

{¶3} Ms. Jones was charged with aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and R.C. 2903.06(A)(2)(a), aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and vehicular assault in violation of R.C. 2903.08(A)(2)(b). She moved to suppress the results of the urine test and field sobriety tests in a short motion, arguing that the officers lacked reasonable, articulable suspicion to administer the field sobriety tests; that they did not conduct the tests in substantial compliance with the National Highway Transportation and Safety Administration ("NHTSA") guidelines; and that the collection of the urine tests did not substantially comply with testing requirements. Ms. Jones did not articulate any specific arguments related to the trooper's alleged failure to substantially comply with the relevant guidelines, nor did she file a posthearing brief on the issues raised in her motion. The trial court denied the motion to suppress.

{¶4} A jury found Ms. Jones guilty of each charge. The trial court merged the two counts of aggravated vehicular homicide and the counts of aggravated vehicular assault and vehicular assault and sentenced Ms. Jones to prison terms of five years and thirty-six months, respectively. The trial court also suspended her driver's license for life as a consequence of her conviction for aggravated vehicular homicide. Ms. Jones filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS WHERE THE OFFICER FAILED TO SUBSTANTIALLY COMPLY WITH FIELD SOBRIETY TESTING STANDARDS AND INSERTED A CONTAMINANT INTO THE URINE SPECIMEN.

{¶5} In her first assignment of error, Ms. Jones argues that the trial court erred by denying the motion to suppress because the trooper who performed the field sobriety tests failed to substantially comply with the NHTSA guidelines regarding the horizontal gaze nystagmus ("HGN"), walk-and-turn, and one legged stand tests. She has also argued that the trial court should have suppressed the results of her urine sample because the trooper testified that he added a sulfate mixture to the sample.

{¶6} These issues are properly raised in a motion to suppress. *See State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 16-28. *Compare State v. Baker*, 146 Ohio St.3d 456, 2016-Ohio-451, ¶ 23, citing *State v. French*, 72 Ohio St.3d 446 (1995), paragraph one of the syllabus (a defendant who fails to raise substantial compliance with the procedures for collecting a sample for a breathalyzer test in a motion to suppress waives the requirement that the state lay a foundation for admissibility at trial.) *See also Defiance v. Kretz*, 60 Ohio St.3d 1, 3-4 (1991) (concluding that the admissibility of breathalyzer tests is properly raised in a motion to suppress). Therefore, this Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. In other words, this Court accepts the trial court's findings of fact as true, and "must then independently determine, without deference to the conclusion of the trial

court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶7} Ms. Jones has not challenged the trial court's findings of fact. Instead, her argument maintains that the trial court's ultimate conclusion that the trooper substantially complied with the NHTSA guidelines is not supported by competent, credible evidence. Because this is a challenge to the trial court's legal conclusion, this Court's review is de novo. *See Burnside* at ¶ 8.

{¶8} Under R.C. 4511.19(D)(4)(b), an officer may testify about the results of field sobriety tests and the state may introduce the results as evidence in any criminal prosecution for a violation of R.C. 4511.19(A) or (B)[1]:

> if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including * * * any testing standards then in effect that were set by the national highway traffic safety administration[.]

The State must demonstrate substantial compliance by clear and convincing evidence. *State v. Reddington*, 9th Dist. Medina No. 14CA0064-M, 2015-Ohio-2890, ¶ 19; R.C. 4511.19(D)(4)(b).

{¶9} Ms. Jones did not develop any specific arguments related to the trooper's alleged failure to substantially comply with the NHTSA guidelines. Nonetheless, the trial court reviewed the testimony from the suppression hearing as well as the video of the field sobriety tests and concluded that Trooper Bissonnette substantially complied in their administration. This Court agrees.

---

[1] Although Ms. Jones was not charged with violating R.C. 4511.19(A) or (B), she was charged with aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), which incorporates R.C. 4511.19(A) as an element of the offense.

{¶10} With respect to the HGN test, Ms. Jones argues that Trooper Bissonnette failed to properly administer the test because he improperly held the stimulus ten to twelve inches from Ms. Jones' face instead of twelve to fifteen inches away, held the stimulus below eye level instead of slightly above eye level, and moved the stimulus forty-five degrees in determining lack of smooth pursuit.

{¶11} Trooper Bissonnette used his finger as the stimulus for the HGN. He did not testify about the distance that he held his finger away from Ms. Jones' face, but he did note at one point during his testimony that standard practice is to hold the stimulus ten to twelve inches away from the subject. During the balance of his testimony, however, Trooper Bissonnette consistently referred to the twelve-to-fifteen inch range, and it appears from the dash cam video that the State introduced into evidence that Trooper Bissonnette substantially complied with that standard.

{¶12} With regard to the vertical position of the stimulus, the NHTSA guidelines instruct officers to place the stimulus "approximately 12-15 inches (30-38 cm) in front of [the] subject's nose, and slightly above eye level to commence the test," but it does not set forth a standard for the height at which the stimulus must be maintained. *Compare Spees*, 2018-Ohio-2568, at ¶ 24. In any event, it is apparent from the dash cam video of the HGN test that Trooper Bissonnette did, in fact, maintain his fingertip slightly above Ms. Jones' eye level throughout the test.

{¶13} The dash cam video also demonstrates that while administering the HGN test, Trooper Bissonnette swept his arm to both the far left and far right relative to Ms. Jones' face until, at one point, he held his arm in position nearer to her face. The NHTSA manual contemplates this motion, however, noting that officers should be alert for the "[o]nset of

nystagmus prior to 45 degrees," which may indicate the level of the subject's intoxication. Finally, the dash cam video demonstrates that Trooper Bissonnette swept his arm from center to right and then left during each administration of the HGN test with the exception of one occurrence, which was followed by repetition of the instructions to Ms. Jones. He therefore substantially complied with the NHTSA manual's guidance to "[m]ove the stimulus all the way out to the right * * * then move the stimulus smoothly all the way across the subject's face to the left * * * then back to center" while maintaining the manual's emphasis that the subject should "[k]eep looking at the stimulus until told the test is over."

{¶14} With respect to the walk-and-turn and one legged stand tests, Ms. Jones maintains that Trooper Bissonnette "performed the tests on a wet, slippery asphalt surface[.]" There is no testimony in the record indicating that the ground where Ms. Jones performed the tests was either wet or slippery. His testimony, moreover, demonstrates that Trooper Bissonnette moved Ms. Jones from an inappropriate environment for conducting the tests to a covered portico. Ms. Jones also argues that Trooper Bissonnette did not provide complete instructions for the walk-and-turn test, did not ask whether she understood the instructions, failed to advise her to maintain the stance during the instruction phase, and did not offer adequate instruction about turning. The dash cam video, however, confirms that Trooper Bissonnette substantially complied with the NHTSA manual in administering the test: He demonstrated the stance for the instruction phase and instructed Ms. Jones to maintain it during his demonstration and asked whether Ms. Jones understood the instructions. He demonstrated a proper turn while stating, "series of small steps—turn around."

{¶15} In her brief on appeal, Ms. Jones has also argued that Trooper Bissonnette did not have probable cause to arrest her and that her urine sample should be suppressed because

Trooper Bissonnette added a "'sulfate mixture'" to the sample. Ms. Jones did not raise these arguments in the trial court, so she cannot raise them for the first time in this appeal. *See State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 14, citing *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 26 and *State v. Nelson*, 9th Dist. Summit No. 20808, 2002-Ohio-3745, ¶ 6.

{¶16} The trial court did not err by concluding that Trooper Bissonnette substantially complied with the NHTSA guidelines regarding administration of field sobriety tests. Ms. Jones forfeited her arguments that her urine sample should have been suppressed and that there was no probable cause for her arrest. Her first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE JURY'S VERDICTS FOR AGGRAVATED VEHICULAR HOMICIDE AND AGGRAVATED VEHICULAR ASSAULT ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE ABSENT THE URINE TEST RESULT AND MUST BE REVERSED.

{¶17} Ms. Jones' only argument in her second assignment of error is that without the results of her urine test, there was insufficient evidence to support her convictions. In other words, Ms. Jones' second assignment of error is premised on the assumption that this Court would sustain her first assignment of error. Because this Court has overruled her first assignment of error and Ms. Jones has not articulated another basis for her sufficiency argument, our resolution of her first assignment of error renders her second assignment of error moot. *See* App.R. 12(A)(1)(c).[2]

---

[2] The basis for concluding that Ms. Jones' second assignment of error is moot is that it presumes success on her first assignment of error. It is therefore distinguishable from cases in which this Court must address an independent sufficiency argument after sustaining an assignment of error related to trial error. *Compare State v. Dixon*, 9th Dist. Medina Nos. 11CA0065-M, 11CA0087-M, 2012-Ohio-4428, ¶ 17-18.

## ASSIGNMENT OF ERROR NO. 3

THE JURY VERDICTS FOR COUNTS ONE AND TWO, AGGRAVATED VEHICULAR HOMICIDE, AND COUNTS THREE AND FOUR, AGGRAVATED VEHICULAR ASSAULT AND VEHICULAR ASSAULT, FAIL TO SPECIFY THE DEGREE OF THE OFFENSE OR THE ADDITIONAL ELEMENT THAT MAKES AN OFFENSE ONE OF MORE SERIOUS DEGREE. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR A FELONY OF THE SECOND DEGREE AND FELONY OF THE THIRD DEGREE.

{¶18} Ms. Jones' final assignment of error argues that because the jury verdicts for two sets of her offenses were identical, they improperly failed to specify the degree of her offense and the trial court erred by sentencing her to an offense higher than the lowest possible degree. This Court disagrees.

{¶19} In *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, the Ohio Supreme Court held that when a defendant can be convicted of different degrees of the same offense, "a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* at syllabus, citing R.C. 2945.75. *Pelfrey* interpreted the requirements of R.C. 2945.75(A)(2), which relate specifically to different degrees of the same offense. *Id.* at ¶ 13. R.C. 2945.75(A)(2) "applies to different *degree levels* within 'an offense,' not to different offenses altogether." (Emphasis in original.) *State v. Evans*, 2d Dist. Montgomery No. 26574, 2015-Ohio-3161, ¶ 11.

{¶20} Ms. Jones was charged with aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and R.C. 2903.06(A)(2)(a). R.C. 2903.06(A)(1)(a) provides that "[n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance." R.C.

2903.06(A)(2)(a) provides that "[n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause the death of another * * * [r]ecklessly." Both describe aggravated vehicular homicide. R.C. 2903.06(B)(1). The difference between the two is not a matter of different degree levels within an offense, but of two different ways of committing the same offense: one is premised on a violation R.C. 4511.19 without specifying the requisite mental state, while the other includes reckless operation without reference to R.C. 4511.19.

{¶21} Ms. Jones was also charged with aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and vehicular assault in violation of R.C. 2903.08(A)(2)(b). As is the case with her convictions for aggravated vehicular homicide, R.C. 2903.08(A)(1)(a) provides that "[n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance." R.C. 2903.08(A)(2)(b), then, provides that "[n]o person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another * * * [r]ecklessly." A violation of R.C. 2903.08(A)(1)(a) constitutes aggravated vehicular assault. R.C. 2903.08(B)(1). A violation of R.C. 2903.08(A)(2)(b) constitutes vehicular assault. R.C. 2903.08(C)(1). The difference between the two is not a matter of different degree levels within an offense, but of two different offenses with differing elements: one is premised on a violation R.C. 4511.19 without specifying the requisite mental state; the other includes reckless operation without reference to R.C. 4511.19.

{¶22} "R.C. 2945.75(A)(2) and *Pelfrey* apply when additional elements contained within a particular criminal statute enhance the penalty." *State v. Wrage*, 4th Dist. Scioto No. 08CA3237, 2009-Ohio-3390, ¶ 47. They do not apply when, as in this case, the defendant is

charged with different mechanisms of committing the same offense or with different offenses altogether. *Evans*, 2015-Ohio-3161, at ¶ 11. Ms. Jones' third assignment of error is overruled.

III.

**{¶23}** Ms. Jones' first and third assignments of error are overruled. Her second assignment of error is moot. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DAVID C. SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.